# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLA ALBRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 11-1079 |
| v. ) | |
| ) | Judge Gary L. Lancaster |
| MICHAEL J. ASTRUE, ) | Magistrate Judge Maureen P. Kelly |
| Commissioner of Social Security, ) | |
| ) | Re: ECF No. 20 |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

Darla Albright ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 – 433. The undersigned issued a Report and Recommendation (ECF No. 15), on August 29, 2012, recommending that Plaintiff's Motion for Summary Judgment (ECF No. 8) be granted as to her request for remand, and denied as to her request for an immediate award of benefits, that Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 13) be denied, and that the decision of the Commissioner of Social Security be vacated and the case remanded for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g). Over Defendant's objections, Chief United States District Judge Gary L. Lancaster adopted the Report and Recommendation in an Order dated September 19, 2012, and final judgment was entered. (ECF Nos. 17, 18).

On October 2, 2012, Defendant filed a Motion to Alter or Amend Judgment (ECF No. 20) pursuant to Federal Rule of Civil Procedure 59(e) ("the Motion"). The matter has been fully

briefed by the parties and is now ripe for review. For the reasons that follow, it is respectfully recommended that the Motion be denied.

## II. <u>REPORT</u>

Defendant contends that the Court erred in remanding the case for further consideration of Plaintiff's physical impairments at step two of the sequential evaluation process since the Administrative Law Judge ("ALJ") resolved step two of the process in Plaintiff's favor, ultimately finding that Plaintiff was not disabled at step five of the evaluation process. Under such circumstances, Defendant argues that remand is warranted only where the plaintiff proves specific work-preclusive functional limitations. Because Plaintiff has failed to prove that her physical impairments produced any of the functional limitations precluding performance of even the light jobs identified by the vocational expert, Defendant argues that remand is improper and that judgment should be entered in the Commissioner's favor.

Plaintiff's claims in this case are premised on her inability to work due to disability resulting from alleged depression, anxiety, stress, panic disorder, diabetes, acid reflux, hiatal hernia, and irritable bowel syndrome. Although the ALJ found that Plaintiff's *psychiatric* impairments were "sever" at step two of the evaluation process, he did not address Plaintiff's *physical* impairments. Indeed, the hypothetical questions posed by the ALJ to the vocational expert, and the ALJ's ultimate finding the Plaintiff is not disabled, was based solely on Plaintiff's psychiatric condition without regard to her significant medical conditions. Finding that the ALJ's omission of any discussion of potential limitations stemming from physical conditions not found to be severe rendered the ALJ's hypothetical and RFC assessment inadequate, the undersigned recommended, and the Court agreed, that the case be remanded for further consideration of Plaintiff's physical condition and its impact on her ability to work.

The undersigned stands by that recommendation. By failing to address the issue of limitations stemming from Plaintiff's physical conditions, the ALJ did not provide a sufficient evidentiary basis to allow this Court to conclude that substantial evidence supported his finding that Plaintiff is not disabled. Accordingly, remand for such consideration is appropriate and it is respectfully recommended that Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

*/s/ Maureen P. Kelly*
Maureen P. Kelly
United States Magistrate Judge

Dated: December 10, 2012

cc: All counsel of record via CM/ECF